UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD H. SHAPOURI, an individual; RONA SHAPOURI; an individual,<br><br>  Plaintiffs,<br>  vs.<br><br>CITIMORTGAGE, INC., a New York Corporation; DOES 1 through 100, Inclusive<br><br>  Defendants. | Case No. 12-cv-1133-JM-JMA<br><br>**ORDER GRANTING DEFENDANT CITIMORTGAGE, INC'S MOTION TO DISMISS WITH LEAVE TO AMENDAND DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>Docket Nos. 3, 6 |

  Plaintiffs Mohammad and Rona Shapouri filed a complaint against CitiMortgage ("Citi") in California Superior Court for San Diego County on April 2, 2012, alleging ten causes of action based on Defendants' alleged misrepresentations concerning a mortgage loan and its handling of a loan modification plan. Citi removed the case to this court on May 9, 2012, then filed a motion to dismiss for failure to state a claim. Plaintiffs have filed a motion to remand the case to state court for lack of subject matter jurisdiction. For the reasons explained below, Citi's motion to dismiss is GRANTED, and Plaintiffs are given leave to amend the complaint. Plaintiffs' motion to remand is DENIED.

/ / /

/ / /

1

## I. BACKGROUND

In March of 2004, Plaintiffs obtained a 30-year loan in the amount of $1,160,000 from "doe defunct Defendant 'SILVERGATE'" ("Silvergate"). Compl. ¶ 11. Plaintiffs allege that agents and/or employees of Silvergate engaged in deception and misrepresentation concerning the loan's details, overstating Plaintiffs' income (from $15,000 per month to $27,867 per month) on the loan application. ¶ 12. Plaintiffs also allege that Silvergate and Citi[1] "had no financial stake . . . in the transaction and no interest other than obtaining Plaintiffs' signature on the loan that could never be repaid, contrary to representations and assurances from the conspiring participants in this scheme." ¶ 13. Plaintiffs assert that they relied on representations of these professionals and were induced into signing the documentation through oral misrepresentations concerning the terms of the contracts. ¶¶ 14, 16.

On September 20, 2010, CR Title Services, Inc. recorded a Notice of Default against Plaintiffs. ¶ 39. Plaintiffs also allege that on March 22, 2011, Citi "agreed to a repayment plan and sent Plaintiffs a contract for 12 payments of $13,346.06 starting on April 20, 2011." ¶ 27. Though Plaintiffs sent a $10,000 payment on March 24 along with the signed contract, Citi called Plaintiffs on April 11, 2011 and cancelled the contract without stating a reason. ¶ 27. Plaintiffs sent one more check for $13,346.06, which Citi cashed despite the agreement's cancellation. ¶ 27. The complaint alleges a sale date was scheduled for April 13, 2012. ¶ 27.[2]

Based on these allegations, Plaintiffs state the following ten causes of action: (1) breach of contract; (2) declaratory relief; (3) demand for accounting; (4) breach of implied covenant of good faith and fair dealing; (5) unfair business practices and predatory lending; (6) rescission/cancellation; (7) quiet title; (8) injunctive relief; (9) negligent misrepresentation; (10) violation of Cal. Civ. Code § 2923.5.

---

[1] The complaint alleges that Citi "is apparently the successor-in-interest" to Silvergate. ¶ 26.
[2] The parties' submissions indicate that the sale has not yet occurred, but have not clarified the current status of the sale date.

## II. MOTION TO REMAND

Plaintiffs assert that this case must be remanded because Citi has not "prove[n] that Plaintiffs' claims that are pleaded under California law actually 'arise under' Federal law." Pl. Mtn. to Remand at 4. However, as pointed out by Citi, removal of this case was based on diversity jurisdiction under 28 U.S.C. § 1332(a). As required by the statute, Plaintiffs and Citi are citizens of different states,[3] and the amount in controversy is above $75,000. Plaintiffs have filed no reply memorandum to address Citi's arguments concerning diversity jurisdiction.

## III. MOTION TO DISMISS

Citi has moved for dismissal of all ten causes of action. Based on the parties' arguments, the court will grant the motion as to several of the claims, but allow leave to amend. Because leave to amend has been granted, the court will reserve judgment on the following claims: (2) declaratory relief; (3) demand for accounting; and (7) quiet title. Plaintiffs have stated their intention to abandon claim (4) for breach of implied covenant of good faith and fair dealing and claim (5) for unfair business practices and predatory lending. They have also requested leave to amend specific allegations included in claim (9) for negligent misrepresentation and claim (10) for violation of Cal. Civ. Code § 2923.5. The remaining three claims are discussed below.

### A. Legal Standard

For Plaintiffs to overcome this 12(b)(6) motion, their "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating the motion, the court must construe the pleadings in the light most favorable to the non-moving party, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The court should grant 12(b)(6) relief only if the complaint lacks

---

[3] According to the complaint, Plaintiffs are residents of San Diego County, California, and Citi is a New York corporation with its principal place of business in Florida. Compl. ¶ 1, 3.

either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Breach of Contract**[4]

Plaintiffs allege that Citi entered into a contract under the Commitment to Purchase Financial Instrument and Servicer Participation Agreement for the Home Affordable Modification Program ("HAMP") with Fannie Mae, thereby agreeing "to perform certain loan modification and foreclosure prevention services for eligible loans." Compl. ¶ 42. Plaintiffs allege that Citi breached the contract because of a failure to perform the loan modification and also assert that Plaintiffs were intended beneficiaries of the contract. ¶¶ 44, 46. Citi disagrees, basing most of its argument on the contention that Plaintiffs were not intended beneficiaries of the agreement.

Courts in this district have examined similar claims before. In Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618 (S.D. Cal. 2009), the court found that the plaintiff could not sue for a HAMP violation because he was not an intended third-party beneficiary to the contract. The court noted that the Ninth Circuit adheres to the Restatement of Contracts, which explains that:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and ... (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Id. at *2 (quoting Rest. (Second) of Contracts § 302 (1979)). The court continued by noting that parties benefitting from government contracts are generally assumed to be incidental beneficiaries. Id. (citing Klamath v. Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 2000)). The court concluded that "[a] qualified borrower would not be reasonable

---

[4] Because the court grants the motion to dismiss on the claims that it currently addresses, the parties' argument concerning the tender rule need not be decided at this time.

4

in relying on the Agreement as manifesting an intention to confer a right on him or her because the Agreement does not *require* that Countrywide modify eligible loans." Id. at *3.

Here, the court is unable to fully assess the issue at hand because there is no contract attached to the complaint—the complaint merely states that the contract "obligate[s]" Citi to perform the modification and prevention services.  This conclusory statement is insufficient to allow the court to determine whether Plaintiffs are intended beneficiaries.  Thus, the court GRANTS Citi's motion to dismiss this claim with leave to amend.  If Plaintiffs seek to avoid dismissal of the amended complaint, they will likely need to attach the contract at issue or include verbatim portions so as to provide the court with appropriate means to perform an analysis.

**C. Rescission/Cancellation and Injunctive Relief**

Plaintiffs' remaining two claims are for rescission/cancellation and for injunctive relief. Citi correctly notes that rescission and injunctive relief are remedies, not causes of action. Several California cases support Citi's argument.  See, e.g., Roberts v. Los Angeles County Bar Assn., 105 Cal.App.4th 604, 618 (2003) (noting plaintiff's non-opposition to argument that cause of action for injunction was improper because an injunction is a remedy rather than a cause of action); Nakash v. Superior Court, 196 Cal.App.3d 59, 70 (1987) ("Rescission is *not* a cause of action; it is a remedy.") (emphasis in original).

Because these two causes of action are simply types of relief, the motion is GRANTED as to these claims.  This decision does not affect the availability of these remedies if Plaintiffs are successful on valid causes of action.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons explained above, Citi's motion to dismiss is GRANTED, but Plaintiffs are granted leave to amend the complaint. Plaintiffs' motion to remand the case to state court is DENIED.

**IT IS SO ORDERED.**

DATED: August 1, 2012

Jeffrey T. Miller
United States District Judge