UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD H. SHAPOURI, an individual; RONA SHAPOURI; an individual,<br><br>Plaintiffs,<br>vs.<br><br>CITIMORTGAGE, INC., a New York Corporation; DOES 1 through 100, Inclusive<br><br>Defendants. | Case No.: 3:12-CV-1133-JM (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiffs Mohammad and Rona Shapouri filed a complaint against CitiMortgage ("Citi") in California Superior Court for San Diego County on April 2, 2012, alleging ten causes of action based on Defendants' alleged misrepresentations concerning a mortgage loan and its handling of a loan modification plan. Citi removed the case to this court on May 9, 2012 and subsequently filed a motion to dismiss for failure to state a claim, which this court granted on August 1, 2012. Plaintiffs filed an amended complaint ("FAC") on August 10, 2012. Citi moved to dismiss the amended complaint on August 23, 2012. For the reasons that follow, this court GRANTS Citi's motion to dismiss.

**I. BACKGROUND**

In March of 2004, Plaintiffs obtained a 30-year loan in the amount of $1,160,000 from "doe defunct Defendant 'SILVERGATE'" ("Silvergate"). FAC ¶ 11. Plaintiffs allege that agents and/or employees of Silvergate engaged in deception and misrepresentation concerning

the loan's details by overstating Plaintiffs' income (from $15,000 per month to $27,867 per month) on the loan application. Id. ¶ 12. Citi "is apparently the successor-in-interest" to Silvergate. Id. ¶ 26. Plaintiffs also allege that Silvergate and Citi "had no financial stake . . . in the transaction and no interest other than obtaining Plaintiffs' signature on the loan that could never be repaid, contrary to representations and assurances from the conspiring participants in this scheme." Id. ¶ 13. They allege that Silvergate's sole purpose was "to collect fees, rebates, kickbacks and profits that were never disclosed to Plaintiffs and were only discovered in 2010 by the Plaintiffs through consultation with experts in securitization of residential mortgage loans, and diligent research . . . ." Id. Plaintiffs assert that they relied on the representations of these professionals and were induced into signing the documentation through oral misrepresentations concerning the terms of the contracts. Id. ¶¶ 14, 16.

On September 20, 2010, CR Title Services, Inc. recorded a Notice of Default against Plaintiffs. Id. ¶ 39. Plaintiffs allege that on March 22, 2011, Citi "agreed to a repayment plan and sent Plaintiffs a contract for 12 payments of $13,346.06 starting on April 20, 2011." Id. ¶ 27. Though Plaintiffs sent a $10,000 payment on March 24 along with the signed contract, Citi called Plaintiffs on April 11, 2011 and cancelled the contract without stating a reason. Id. Plaintiffs sent one more check for $13,346.06, which Citi cashed despite the agreement's cancellation. Id. The complaint alleges a sale date was scheduled for April 13, 2012. Id.[1]

Based on these allegations, Plaintiffs filed their original complaint on April 2, 2012 alleging ten causes of action. After this court dismissed three of Plaintiffs' claims[2] and granted leave to amend other claims, Plaintiffs filed their FAC on August 10, 2012. The FAC states the following eight causes of action: (1) breach of contract; (2) declaratory relief; (3) demand for

---

[1] The parties' submissions indicate that the sale has not yet occurred, but have not clarified the current status of the sale date.

[2] Specifically, this court dismissed Plaintiff's breach of contract, rescission/cancellation, and injunctive relief claims on August 1, 2012.

accounting; (4) rescission/cancellation; (5) quiet title; (6) injunctive relief; (7) negligent misrepresentation; and (8) violation of Cal. Civ. Code § 2923.5.  Citi has moved for dismissal of all eight causes of action.  For the following reasons, Citi's motion is granted for all eight causes of action.

## II.  DISCUSSION

### A. Legal Standard

For Plaintiffs to overcome this 12(b)(6) motion, their "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In evaluating the motion, the court must construe the pleadings in the light most favorable to the non-moving party, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).  The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Breach of Contract

Plaintiffs allege that Citi entered into a contract under the Commitment to Purchase Financial Instrument and Servicer Participation Agreement for the Home Affordable Modification Program ("HAMP") with Fannie Mae, thereby agreeing "to perform certain loan modification and foreclosure prevention services for eligible loans."  FAC ¶ 42.  Plaintiffs claim that Citi breached this contract by failing to perform a loan modification for Plaintiffs, who were intended beneficiaries of the contract.  Id. ¶¶ 44, 46.  Citi counters that Plaintiffs were not HAMP's intended beneficiaries.

Courts in this district have previously examined similar claims.  In Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618 (S.D. Cal. 2009), the court found that the plaintiff could not sue for a HAMP violation because he was not an intended third-party

3

beneficiary to the contract.  The Ninth Circuit adheres to the Restatement of Contracts, which explains that:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Id. at *2 (quoting Restatement (Second) of Contracts § 302 (1979)).  The court continued by noting that parties benefitting from government contracts are generally assumed to be incidental beneficiaries.  Id. (citing Klamath v. Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 2000)).  The court concluded that "[a] qualified borrower would not be reasonable in relying on the Agreement as manifesting an intention to confer a right on him or her because the Agreement does not require that Countrywide modify eligible loans."  Id. at *3.

Here, Plaintiffs only provide the court with a conclusory statement that Citi breached its contract with the U.S. Government to perform the modification and prevention service.  FAC ¶ 44.  This court cannot determine whether Plaintiffs were intended beneficiaries because Plaintiffs again failed to provide this with either the contract or verbatim portions of the contract.  Thus, the court GRANTS Citi's motion to dismiss this claim with leave to amend.

**C. Quiet Title**

Plaintiffs summarily claim that Citi does not have any right to foreclose because it has "no title, estate, lien, or interest in the Subject Property in that purported power of sale contained in the Deed."  Compl. at 21.  Plaintiffs further argue that Citi cannot foreclose because it failed to disclose to Plaintiffs that they might default on this mortgage as it was not suited to their financial circumstances, falsified loan documentation, and did not inform Plaintiffs of a pre-payment penalty.  Id. at 21-22.

Citi counters that Plaintiffs must allege tender of the amount of lender's secured indebtedness to assert a claim to quiet title.  Although the tender rule may not apply to actions

attempting to prevent pending sales,³ it still applies to actions to quiet title. To quiet title, plaintiffs must show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." Santos v. Countrywide Home Loans, 2009 WL 3756337 at *4 (E.D. Cal. 2009) (citations omitted); Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."). As Plaintiffs have not demonstrated that they have satisfied their obligations under the Deed of Trust, this court must dismiss Plaintiffs' cause of action to quiet title.

**D. Demand for Accounting**

Plaintiffs request a demand for accounting because Citi has "allege[d] different figures for the payoff of the loan than [they] contend is owed." FAC ¶ 66. "An accounting cause of action is equitable in nature, and may be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" Civic W. Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1, 14 (citing 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 674, 2300-2301). "Ordinarily, a plaintiff must demonstrate a fiduciary relationship between herself and the defendant as well as refer to a sum owed to her by the defendant in order to successfully bring a claim in equity for an accounting." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (9th Cir. 2009).

---

³ "[A] growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." Barrionuevo v. Chase Bank, N.A., 2012 U.S. Dist. LEXIS 109935 (N.D. Cal. May 29, 2012) (citing Vissuet v. Indymac Mortg. Servs., No. 09-CV-2321-IEG (CAB), 2010 U.S. Dist. LEXIS 26241, 2010 WL 1031013, at *2 (S.D. Cal. March 19, 2010) ("[T]he California 'tender rule' applies only where the plaintiff is trying to set aside a foreclosure sale due to some irregularity."); Giannini v. American Home Mortg. Servicing, Inc., No. 11-04489 TEH, 2012 U.S. Dist. LEXIS 12241, 2012 WL 298254, at *3 (N.D.Cal. Feb. 1, 2012) ("While it is sensible to require tender following a flawed sale – where irregularities in the sale are harmless unless the borrower has made full tender – to do so prior to sale, where any harm may yet be preventable, is not."); Robinson v. Bank of Am., 12-CV-00494-RMW, 2012 U.S. Dist. LEXIS 74212, 2012 WL 1932842 (N.D. Cal. May 29, 2012) (finding it "inequitable to apply the tender rule to bar plaintiff's claims" in part because "there has been no sale of the subject property")).

1    Plaintiffs attempt to establish a fiduciary relationship with Citi by asserting that they
2 relied to their detriment on Citi's representations that they could afford their mortgage.  FAC
3 ¶¶ 94-96.  Plaintiffs explain that their reliance was based on Citi's "prominence and campaign of
4 deception as to its business plans the relationship of trust developed . . . ." FAC ¶ 94.  Plaintiffs
5 also claim that they "paid Citi their mortgage payments for a period of years . . . [but that] none
6 of this money was due to Citi." Plaintiffs' Opp. at 6.  Accordingly, Plaintiffs assert that "these
7 monies are due to be returned to Plaintiff[s] in full." Id.
8    Citi counters that "a lender owes no duty to verify a borrower's ability to repay a loan."
9 MTD at 3.  Citi explains that "[t]he underwriting and approval process is undertaken by lenders
10 to protect the lender's interest and not the borrower's interest." Id.  Therefore, "as a general rule,
11 a financial institution owes no duty of care to a borrower when the institution's involvement in
12 the loan transaction does not exceed the scope of its conventional role as a mere lender of
13 money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991); Perlas
14 v. GMAC Mortg., 187 Cal. App. 4th 429, 436 (2010) (citing Oaks Mgmt. Corp. v. Superior Ct.,
15 145 Cal. App. 4th 453, 466 (2006) ("Absent special circumstances . . . a loan transaction is at
16 arm's length and there is no fiduciary relationship between the borrower and lender.").
17 Nevertheless, a duty may exist if the lender is acting outside of the scope of that relationship, or
18 if the balancing of Nymark's six-factor test tips in favor of the borrower.  The factors to consider
19 are:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Nymark, 231 Cal. App. 3d at 1098 (citations omitted).

But Plaintiffs have not alleged that any of these factors that would permit this court to find that Citi was acting outside the scope of its lender-borrower relationship with Plaintiffs. This court therefore agrees with Citi's analysis. Citi's approval of Plaintiffs' loan only represented its willingness to assume the risk that Plaintiffs would be unable to pay back the loan, not that Plaintiffs could afford the loan. No demand for accounting can be made without a fiduciary relationship. Plaintiffs have also not proven that payments were due to any entity other than Citi, Silvergate's successor-in-interest. Accordingly, this claim is dismissed.

**E. Negligent Misrepresentation**

Plaintiffs assert that they entered into a mortgage contract with Silvergate, which negligently represented that Plaintiffs could afford their mortgage. FAC ¶¶ 95-96. Plaintiffs argue that "employees of their original lender misrepresented to them the terms and cost of the loan, at the time of negotiating and making the loan, thereby inducing Plaintiffs to agree to the loan . . . ." Plaintiffs' Opp. at 8. Plaintiffs believe that they justifiably relied on these representations "because of the superior position of the lender . . . ." Plaintiffs' Opp. at 8. In 2010, Plaintiffs claim that they discovered these true costs and terms of their loan. Plaintiffs' Opp. at 8. Plaintiffs conclude that these negligent misrepresentations caused their inability to refinance or sell their residence without losing money.

Citi correctly notes that Plaintiffs' claim for negligent misrepresentation is subject to Rule 9(b)'s heightened pleading requirement. While a party must normally plead only factual allegations sufficient to raise a right to relief above the speculative level to survive a Rule 12(b)(6) motion to dismiss, Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting [that] fraud or mistake." Fed. R. Civ. P. 9(b). This pleading standard is met if the complaint "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent

activity." Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks and citations omitted). In addition, "[t]he plaintiff must set forth what is false and misleading about a statement, and why it is false." In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiffs have failed to state with particularity the circumstances surrounding Silvergate's alleged negligent misrepresentation. In their complaint, Plaintiffs state that Silvergate's employees defrauded Plaintiffs at the time that they made their loan and generally received profits. The complaint does not contain the names of the employees who committed the negligent misrepresentation, the location where this fraud occurred, the benefits received by the employees, or even the specific statements that constituted the negligent misrepresentation. This claim is therefore dismissed.

**F. Violation of Cal. Civ. Code § 2923.5**

Plaintiffs allege that Defendants have failed to comply with California Civil Code § 2923.5 ("§ 2923.5"), which sets forth several requirements that a mortgagee, beneficiary, or authorized agent must meet prior to recording a notice of default against the primary residential property. FAC ¶ 57. Plaintiffs assert that they were never contacted by the mortgagee, beneficiary, or authorized agent regarding the foreclosure of their primary home and that Citi therefore has no right to foreclose. FAC ¶¶ 59-60. Citi counters that it complied with § 2923.5 requirements because the notice of default "contains the requisite declaration of compliance." MTD at 11. Citi also notes that the only remedy under § 2923.5 is the postponement of the sale. Mabry v. Superior Court, 185 Cal. App. 4th 208, 221 (2010).

Plaintiffs have already benefitted from the postponement of the sale of their primary residence. No further relief can be provided. This action should also have served as sufficient notice to Plaintiffs regarding the foreclosure of their home. Citi appears to have discussed non-foreclosure options with Plaintiffs as they discussed a different repayment plan. The

purpose of this California law is to promote such discussion in hopes that "the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan . . . ." Cal. Civ. Code § 2923.6.  That Citi ultimately declined to follow this plan is beyond the scope of this claim.  This claim is therefore dismissed.

**G.  Rescission/Cancellation and Injunctive Relief**

As noted in the previous order granting Citi's motion to dismiss Plaintiffs' rescission/cancellation and injunctive relief claims, Citi correctly notes that rescission and injunctive relief are remedies, not causes of action.  Several California cases support Citi's argument.  See, e.g., Roberts v. Los Angeles County Bar Ass'n., 105 Cal.App.4th 604, 618 (2003) (noting plaintiff's non-opposition to argument that cause of action for injunction was improper because an injunction is a remedy rather than a cause of action); Nakash v. Superior Court, 196 Cal.App.3d 59, 70 (1987) ("Rescission is not a cause of action; it is a remedy.") (emphasis in original).

As these two causes of action are simply types of relief, the motion is granted as to these claims.  This decision does not affect the availability of these remedies if Plaintiffs are successful on valid causes of action.

**H.  Declaratory Relief**

Plaintiffs seek declaratory relief from the pending foreclosure sale because it would be "carried out in violation of Federal [Home Owners Loan Act] provisions, Federal Mortgage Assistance Programs in effect, [Truth in Lending Act] provisions, . . . the State of California mortgage assistance programs . . . . [and] § 2923.5."  FAC ¶¶ 50, 56.  Citi counters that declaratory relief "appears to be derivative and within other purported claims."  MTD at 7.

While declaratory relief is not barred if legal remedies also exist, a court should exercise its discretion to refuse to grant declaratory relief unless it would clarify the parties' interests or relieve the uncertainty giving rise to the proceeding.  U.S. v. Washington, 759 F.2d 1353,

9

1356-57 (9th Cir. 1985). Here, Plaintiffs have pled breach of contract, negligent misrepresentation, and many other causes of action. Ruling on those causes of action will determine whether Citi acted unlawfully or unfairly in its representations and mishandling of the modification process. Based on this standard, the court should not entertain Plaintiffs' declaratory relief claim.

### III. CONCLUSION

For the aforementioned reasons, Citi's motion to dismiss is GRANTED without prejudice.

**IT IS SO ORDERED.**

DATED: October 22, 2012

Jeffrey T. Miller
United States District Judge